UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Robert Reese<br>4849 Monticello Blvd.<br>Richmond Heights, OH 44143 | : <br> : <br> : | 2:21-cv-339 |
|                       Plaintiff | : | #_____ |
| v. | : <br> : | |
| Eugeniu Mindrescu<br>6614 West Diversey Ave., Apt. 306<br>Chicago, IL 60707 | : <br> : <br> : | |
|                       And | : <br> : | |
| Sand and Storm, Inc.<br>4629 Main St., Apt. 3B<br>Skokie, IL 60076 | : <br> : <br> : | |
|                       And | : <br> : | |
| Sand Storm, Inc.<br>c/o Marek Tomcyzl<br>1585 Ellinwood Ave., Ste. 210<br>Des Plaines, IL 60016 | : <br> : <br> : <br> : | |
|                       Defendants | : | |

## COMPLAINT

### PARTIES

1.　　Plaintiff, Robert Reese, is a resident of the State of Ohio, residing at the address listed in the caption of this Complaint.

2.　　Upon information and belief, Defendant, Eugeniu Mindrescu, is a resident of the State of Illinois, residing at the address listed in the caption of this Complaint.

3.　　Defendant, Sand and Storm, Inc., is a corporate entity authorized to conduct business in the State of Illinois, with a business address listed in the caption of this Complaint.

4.　　Defendant, Sand Storm, Inc., is a corporate entity authorized to conduct business in the State of Illinois, with a business address listed in the caption of this Complaint.

5.  Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiff demands trial by jury in this action of all issues so triable.

## JURISDICTION AND VENUE

6.  This Court has jurisdiction over the parties and subject matter of this Civil Action-Complaint in that the Plaintiff, Robert Reese, is a citizen of Ohio and the Defendant, Eugeniu Mindrescu, is a citizen of Illinois, and the Defendants, Sand and Storm, Inc. and Sand Storm, Inc., upon information and belief are corporate entities with their principal place of business in Illinois and the amount in controversy in this case, exclusive of interest and costs, exceeds the sum of $75,000.

7.  Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(a) (1) and (2) in that this is a judicial district in which a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in this judicial district.

## FACTS

8.  On or about July 18, 2019, at or about 2:27 p.m., Plaintiff, Robert Reese, was stopped in the right shoulder of U.S. 119, when Defendant, Eugeniu Mindrescu, traveling northbound in the right lane, saw Plaintiff's vehicle, attempted to move into the left lane to avoid collision, but was unable to due to a vehicle driving beside him/her, causing him/her to strike the rear of Plaintiff's vehicle.

9.  At or about the same date and time, Defendant, Eugeniu Mindrescu, was the operator of a motor vehicle, owned by Defendants, Sand and Storm, Inc. and Sand Storm, Inc., which was traveling on U.S. 119, at or around the aforementioned location of the Plaintiff's vehicle.

10. At or about the same date and time, Defendants' vehicle was involved in a collision with Plaintiff's vehicle.

11. At all times relevant hereto, Defendant, Eugeniu Mindrescu, was operating the aforesaid Defendants, Sand and Storm, Inc. and Sand Storm, Inc.'s vehicle as an agent, servant and/or employee, acting within the scope of their agency.

12. The aforesaid motor vehicle collision was the result of Defendant, negligently, recklessly and/or carelessly, operating his/her vehicle in such a manner so as to strike Plaintiff's vehicle.

13. The aforesaid motor vehicle collision was a direct result of the negligence, recklessness and/or carelessness of the Defendants and not the result of any action or failure to act by the Plaintiff.

14. As a result of the collision, Plaintiff suffered severe and permanent injuries, including, but not limited to, a broad-based posterior herniation at L4-5, a bulging disc at L5-S1 and whiplash, as are more fully set forth below.

**COUNT I**
**Robert Reese v. Eugeniu Mindrescu**
**Negligence**

15. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

16. The negligence, recklessness and/or carelessness of the Defendant, which was the direct cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the Plaintiff, consisted of but are not limited to the following:

    a. Striking Plaintiff's vehicle;

    b. Operating his/her vehicle into Plaintiff's lane of travel;

c. Failing to maintain proper distance between vehicles;

d. Operating said vehicle in a negligent, careless and/or reckless manner so as to strike Plaintiff's vehicle without regard for the rights or safety of Plaintiffs or others;

e. Failing to have said vehicle under proper and adequate control;

f. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

g. Violation of the assured clear distance rule;

h. Failure to keep a proper lookout;

i. Failure to apply brakes earlier to stop the vehicle without striking the Plaintiff's vehicle;

j. Being inattentive to his/her duties as an operator of a motor vehicle;

k. Disregarding traffic lanes, patterns, and other devices;

l. Driving at a high rate of speed which was high and dangerous for conditions;

m. Failing to remain continually alert while operating said vehicle;

n. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o. Failing to give Plaintiffs meaningful warning signs concerning the impending collision;

p. Failing to exercise ordinary care to avoid a collision;

q. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

  r. Operating said vehicle with disregard for the rights of Plaintiff, even though he/she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him/her;

  s. Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

  t. Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles; and

  u. Being otherwise reckless, careless and/or negligent under the circumstances.

17. As a direct and consequential result of the negligent, careless, and/or reckless conduct of the Defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including, but not limited to, a broad-based posterior herniation at L4-5, a bulging disc at L5-S1 and whiplash, all to Plaintiff's great loss and detriment.

18. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

19. As an additional result of the carelessness, negligence and/or recklessness of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

20. As a further result of Plaintiff's injuries, he has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

21. As a direct result of the negligent, careless, and/or reckless conduct of the Defendant, Plaintiff suffered damage to his personal property, including his/her motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

22. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Robert Reese, prays for judgment in plaintiffs' favor and against Defendant, Eugeniu Mindrescu, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

## COUNT II
### Robert Reese v. Sand and Storm, Inc.
### Negligent Entrustment

23. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

24. The negligence, recklessness and/or carelessness of the Defendant, which was the proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the Plaintiff, consisted of but are not limited to the following:

    a. Permitting Defendant, Eugeniu Mindrescu, to operate the motor vehicle without first ascertaining whether or not he was capable of properly operating said vehicle;

    b. Permitting Defendant, Eugeniu Mindrescu, to operate the motor vehicle when Defendant, Sand and Storm, Inc., knew, or in the exercise of due care and diligence, should have known that Defendant, Eugeniu Mindrescu, was capable of committing the acts of negligence set forth above;

    c. Failing to warn those persons, including the Plaintiff, that Defendant, Sand and Storm, Inc., knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to Defendant, Eugeniu Mindrescu's negligent operation of the motor vehicle; and

    d. Otherwise negligently entrusting said vehicle to said individual Defendant, Eugeniu Mindrescu.

25. As a direct and consequential result of the negligent, careless, and/or reckless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including, but not limited to, a broad-based posterior herniation at L4-5, a bulging disc at L5-S1 and whiplash, all to Plaintiff's great loss and detriment.

26. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

27. As an additional result of the carelessness, negligence and/or recklessness of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

28. As a further result of Plaintiff's injuries, he has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

29. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Robert Reese, prays for judgment in plaintiff's favor and against Defendant, Sand and Storm, Inc., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

## COUNT III
### Robert Reese v. Sand and Storm, Inc.
### Respondeat Superior

30. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

31. The negligence, recklessness and/or carelessness of the Defendant, Sand and Storm, Inc., itself and by and through its agent, servant and/or employee, Defendant, Eugeniu Mindrescu, acting at all times relevant hereto within the scope of it's agency, which was the direct and proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the plaintiffs, consisted of but are not limited to the following:

   a. Striking Plaintiff's vehicle;

b. Operating his/her vehicle into Plaintiff's lane of travel;

c. Failing to maintain proper distance between vehicles;

d. Operating said vehicle in a negligent, careless and/or reckless manner so as to strike Plaintiff's vehicle, without regard for the rights or safety of Plaintiffs or others;

e. Failing to have said vehicle under proper and adequate control;

f. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

g. Violation of the assured clear distance rule;

h. Failure to keep a proper lookout;

i. Failure to apply brakes earlier to stop the vehicle without striking the Plaintiff's vehicle;

j. Being inattentive to his/her duties as an operator of a motor vehicle;

k. Disregarding traffic lanes, patterns, and other devices;

l. Driving at a high rate of speed which was high and dangerous for conditions;

m. Failing to remain continually alert while operating said vehicle;

n. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o. Failing to give Plaintiffs meaningful warning signs concerning the impending collision;

p. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

    q. Operating said vehicle with disregard for the rights of Plaintiff, even though he/she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him/her;

    r. Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

    s. Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles; and

    t. Being otherwise reckless, careless and/or negligent under the circumstances.

32. As a direct and consequential result of the negligent, careless, and/or reckless conduct of the Defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including, but not limited to, a broad-based posterior herniation at L4-5, a bulging disc at L5-S1 and whiplash, all to Plaintiff's great loss and detriment.

33. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

34. As an additional result of the carelessness, negligence and/or recklessness of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

35. As a further result of Plaintiff's injuries, he has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

36. As a direct result of the negligent, careless, and/or reckless conduct of the Defendant, plaintiff suffered damage to his personal property, including his/her motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

37. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Robert Reese, prays for judgment in Plaintiffs' favor and against Defendant, Sand and Storm, Inc., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

## COUNT IV
### Robert Reese v. Sand Storm, Inc.
### Negligent Entrustment

38. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

39. The negligence, recklessness and/or carelessness of the Defendant, which was the proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the Plaintiff, consisted of but are not limited to the following:

a. Permitting Defendant, Eugeniu Mindrescu, to operate the motor vehicle without first ascertaining whether or not he was capable of properly operating said vehicle;

b. Permitting Defendant, Eugeniu Mindrescu, to operate the motor vehicle when Defendant, Sand Storm, Inc., knew, or in the exercise of due care and diligence, should have known that Defendant, Eugeniu Mindrescu, was capable of committing the acts of negligence set forth above;

c. Failing to warn those persons, including the Plaintiff, that Defendant, Sand Storm, Inc., knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to Defendant, Eugeniu Mindrescu's negligent operation of the motor vehicle; and

d. Otherwise negligently entrusting said vehicle to said individual Defendant, Eugeniu Mindrescu.

40. As a direct and consequential result of the negligent, careless, and/or reckless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including, but not limited to, a broad-based posterior herniation at L4-5, a bulging disc at L5-S1 and whiplash, all to Plaintiff's great loss and detriment.

41. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

42. As an additional result of the carelessness, negligence and/or recklessness of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

43. As a further result of Plaintiff's injuries, he has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

44. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Robert Reese, prays for judgment in plaintiff's favor and against Defendant, Sand Storm, Inc., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

## COUNT V
### Robert Reese v. Sand Storm, Inc.
### Respondeat Superior

45. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

46. The negligence, recklessness and/or carelessness of the Defendant, Sand Storm, Inc., itself and by and through its agent, servant and/or employee, Defendant, Eugeniu Mindrescu, acting at all times relevant hereto within the scope of it's agency, which was the direct and proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the plaintiffs, consisted of but are not limited to the following:

   a. Striking Plaintiff's vehicle;

b. Operating his/her vehicle into Plaintiff's lane of travel;

c. Failing to maintain proper distance between vehicles;

d. Operating said vehicle in a negligent, careless and/or reckless manner so as to strike Plaintiff's vehicle, without regard for the rights or safety of Plaintiffs or others;

e. Failing to have said vehicle under proper and adequate control;

f. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

g. Violation of the assured clear distance rule;

h. Failure to keep a proper lookout;

i. Failure to apply brakes earlier to stop the vehicle without striking the Plaintiff's vehicle;

j. Being inattentive to his/her duties as an operator of a motor vehicle;

k. Disregarding traffic lanes, patterns, and other devices;

l. Driving at a high rate of speed which was high and dangerous for conditions;

m. Failing to remain continually alert while operating said vehicle;

n. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o. Failing to give Plaintiffs meaningful warning signs concerning the impending collision;

p. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

    q. Operating said vehicle with disregard for the rights of Plaintiff, even though he/she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him/her;

    r. Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

    s. Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles; and

    t. Being otherwise reckless, careless and/or negligent under the circumstances.

47. As a direct and consequential result of the negligent, careless, and/or reckless conduct of the Defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including, but not limited to, a broad-based posterior herniation at L4-5, a bulging disc at L5-S1 and whiplash, all to Plaintiff's great loss and detriment.

48. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

49. As an additional result of the carelessness, negligence and/or recklessness of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

50. As a further result of Plaintiff's injuries, he has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

51. As a direct result of the negligent, careless, and/or reckless conduct of the Defendant, plaintiff suffered damage to his personal property, including his/her motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

52. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Robert Reese, prays for judgment in Plaintiffs' favor and against Defendant, Sand Storm, Inc., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

SIMON & SIMON, P.C.

BY: *Ashley Henkle*
Ashley Henkle, Esquire

## VERIFICATION

I am the Plaintiff this action, and I hereby state that the facts set forth in the foregoing pleading are true and correct to the best of my knowledge, information and belief. I understand that this Verification is subject to 18 Pa.C.S. § 4904 providing for criminal penalties for unsworn falsification to authorities.

_____